IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES LEE ANTHONY,

    Plaintiff,

v.                                                        CASE NO. 5:14-cv-274-WS-GRJ

OFFICER MAYS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a civil rights complaint on the court's standard form, which is now before the Court for screening. For the reasons discussed below, it is respectfully **RECOMMENDED** that this cause should be dismissed pursuant to 28 U.S.C. § 1915(g).

## DISCUSSION

Plaintiff alleges that he was threatened with pepper spray and was "pushed" into a door by Defendant Sergeant Pippen after he was written up for an infraction, leaving a gash on the inside of his mouth. Plaintiff wrote a grievance against Defendant Pippen on account of this incident. Later, Plaintiff was transferred from Gulf CI to Northwest Florida Reception Center (NWFRC), where his roommate made a complaint to Defendant Officer Mays about no meat on his lunch tray. In retaliation, Defendant Mays trashed Plaintiff's cell and destroyed or defaced his property. After finding out that Plaintiff had made staff abuse complaints against Defendant Pippen, Defendant Mays took Plaintiff to a small room, where he punched Plaintiff continuously, until he was nearly unconscious. Plaintiff's roommate called Plaintiff's mother to report the

abuse, and so Plaintiff's mother called Defendant Colonel Stoic.  Defendant Stoic then told Plaintiff that he would celebrate if Plaintiff died and told him that he had to pay a price for being transferred from Gulf CI.   (Doc. 6.)

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This is commonly known as the PLRA's "three strikes" rule.  "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger.  *Miller v. Donald*, 541 F.3d 1091, 1095 (11th Cir. 2008); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g) three strikes rule.  Plaintiff previously filed at least three cases or appeals in which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See Anthony v. St. Petersburg Police Department*, No. 8:93-cv-649-JDW (M.D. Fla. Aug. 30, 2001) (dismissed as barred as a matter of law due to *Heck v. Humphrey*); *Capers et al. v. United States et al.*, No. 8:94-cv-1168-RWN (M.D. Fla. Aug. 18, 1994) (dismissed as frivolous).  Plaintiff also took an appeal from the dismissal of that case, and his motion for leave to appeal *in forma pauperis* was denied because the appeal was without arguable merit.  *See* 8:94-cv-1168-RWN, Doc. 18.  Such an appeal counts as a strike.

*Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172,1179 (dismissal of prisoner's appeal for nonpayment of the filing fee was a strike where the circuit court's denial of motion for leave to proceed as a pauper on the basis of frivolousness was the "but-for" cause of that court's subsequent dismissal) (10th Cir. Feb. 4, 2011); *Daker v. Owens*, 2014 WL 1159629 (M.D. Ga. Mar. 21, 2014) (finding that dismissal of appeal for want of prosecution where motion for leave to appeal as a pauper was denied as frivolous qualifies as a strike).

Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). See *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative

confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Even liberally construed, the allegations of the complaint as a whole do not allege facts suggesting that Plaintiff is in imminent danger of serious physical injury with respect to his present conditions of confinement. He has been transferred from NWFRC, where he was allegedly subject to mistreatment and threats by Defendants May and Stoic. Although he was transferred back to Gulf CI, where Defendant Pippen allegedly "pushed" him, Plaintiff was transferred prior to the filing of his complaint, and does not make any allegations whatsoever concerning any continuing mistreatment at Gulf CI.

Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Because the Court mistakenly granted Plaintiff's motion for leave to proceed as a pauper, that Order is due to be vacated, and the partial filing fee that Plaintiff paid will be returned to him.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that the Court's Order granting leave to proceed as a pauper, Doc. 8, is **VACATED**. The Clerk is directed to return to Plaintiff

the partial filing fee he has paid.  Docs. 10, 11.

It is further respectfully **RECOMMENDED** that this case should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes.

**IN CHAMBERS**, at Gainesville, Florida, this 16th day of January 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.